## SUPREME COURT.

### HOYT agt. MARTENSE.

Where a mortgagee conveyed to the defendant as collateral security for $3000, certain things in action, among which was a mortgage on thirty-six lots in Williamsburgh, which was subsequently foreclosed by a bill filed by the mortgagee and the defendant, and all the lots sold and purchased in by the defendant at a less sum than was due from the mortgagee; and upon such purchase the defendant subsequently received large advances upon sales of the lots. *Held*, that the plaintiff, who had subsequently purchased all the mortgagee's interest, could not redeem the lots as owner of the equity of redemption, or compel an account of the proceeds of the sales.

After the sale the mortgagee's equity of redemption in the mortgage was gone, consequently his interest in the lots was extinguished.

The purchase by the defendant was as valid as if it had been made by a stranger. He did not act as a trustee of the mortgagee.

*Brooklyn Special Term, January* 1853.  On the 24th May 1839, Charles Hoyt, being indebted, entered into a written agreement to pay the defendant $3000, with interest at six per cent on the 1st day of May 1842.  On the 15th August 1840, he assigned to the defendant, as collateral security, certain things in action, among which was a mortgage executed by one Corbitt, for $4700, upon which was then due $3500, besides interest. The mortgaged property consisted of thirty-six lots in Williamsburgh.  On the 6th day of January 1842, the defendant and Charles Hoyt filed a bill of complaint to foreclose the mortgage, upon which such proceedings were had, that the lots were sold by a master in chancery, and all purchased by the defendant for a sum considerably less than the amount due him from the said Charles upon the agreement of the 24th May 1839.  The sales by the master were made in 1842, 1843 and 1844.  Subsequently the defendant sold the lots at an advance.  On the 15th March 1847, Charles Hoyt assigned all his interest to the plaintiff, who now claims the right, as owner of the equity of redemption, to redeem the lots, or to have an account of the proceeds of the sale.

CLEAVELAND & TITUS and H. S. DODGE, *for Plaintiff.*
ROCKWELL & COGSWELL, JNO. A. LOTT and
WM. CURTIS NOYES, *for Defendant.*

Hoyt agt. Martense.

BARCULO, Justice.—The plaintiff's counsel are entirely correct in assuming that the transfer of the mortgage to the defendant, by Charles Hoyt, was in the nature of a mortgage; and that the defendant had no right to use it for any other purpose than the satisfaction of the debt due to him. He was bound, therefore, to account for the proceeds, and pay over any surplus that might have arisen on a foreclosure of the mortgage. And if Charles Hoyt, before foreclosure, had paid him the amount of his debt, the mortgage would have reverted to Charles again. It was a mortgage of a mortgage, in which Charles retained an equity of redemption, not in the land, but in the moneys secured upon it.

I do not, however, agree with the learned counsel who argued the cause with so much ability on the part of the plaintiff, in his estimate of the rights of the parties after the foreclosure. On the contrary, I see no reason why the rights of Charles Hoyt should not, as to the land, be deemed forever extinguished.

Certainly, upon *principle*, the foreclosure and sale being expressly authorized by the assignment, terminated his rights in the land. Nor would these rights be saved, by the fact that the defendant became the purchaser. For it is settled that the mortgagee may become a purchaser, and take a valid, absolute title. It is conceded even by the authorities relied on by the plaintiff, that if the sale had been made to a stranger, the title would have been perfect in him. It is also admitted by the same authority that a mortgagee may purchase; and yet the inconsistent proposition is maintained, that the latter takes as trustee for his mortgagor.

The case relied on for this doctrine (Slee vs. Manhattan Co., 1 *Paige*, 48) may have been correctly decided, upon the ground that Slee was thrown off his guard by the representations of the agent of the company, and thus was induced to suffer the property to be sold for less than one-fourth its value; but the reasons given by the chancellor for the decision are not entirely satisfactory to my mind. At all events that is a case not to be extended, or applied to dissimilar circumstances.

In the present case there is an essential difference from that of Slee vs. Manhattan Co. Slee was not a party to the foreclosure, ·

it being by statute. In this case the mortgagor was a party to the suit, and although he was a coplaintiff the decree is not the less binding than if he had been a defendant. And no one will doubt that his rights could have been extinguished by making him a party defendant.

Judgment must, therefore, be entered for the defendant with costs.